In the United States District Court

For the

Middle District of Florida OCALA Division

FILED
2016 NOV -9 PM 12: 41
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

David-Jose: Riddell

c/o General Delivery

1916 North County Road Suite #470

Lake Panasoffkee, Florida Republic [33538]

Cause # 5:16-cv-3850c-30PRL

v.

STATE OF FLORIDA D.B.A:

Dan Mosley

Lisa Herndon

Angelina Rodeo

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Local Rule 7.1, and 19(a), Fed. R. Civ. P., Plaintiff requests leave to file an amended second complaint clarifying parties involved and simplifying complaint to a more reasonable standard.

1. The plaintiff in his original complaint named a Lisa D. Herndon as Defendant. In the First Amended Complaint plaintiff added Dan Mosley and Angelina Rodeo as Defendants.

2. Since the filing of the complaint the plaintiff has determined that the name of the defendants is accurate but it is still missing one additional Defendant that needs to be added to the claim

3. This Court should grant leave freely to amend a complaint base of the following:

   A. The Sixth Circuit has allowed amendments even after the expiration of discovery and after the time for amended pleadings in the scheduling order. See, e.g., United States v. Wood, 877 F.2d 453, 456 (6th Cir. 1989) (allowing United States to add a claim fourteen months after suit was filed, after discovery had closed, and three weeks before trial).

   B. The Amended Complaint does not add any causes of action, but rather more clearly describes the issue in the causes of action identified in the original complaint and adds the missing defendant. Rule 15(a) provides that leave to amend shall be freely given when justice requires. "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, and undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999).

C. The United States Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 1136 (D.C. Cir. 1989). Thus, the burden is on the opposing party to show that there is reason to deny leave. In re Vitamins Antitrust Litigation, 217 F.R.D. 30, 32 (D.D.C. 2003).

D. The Supreme Court explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

E. The law is well-settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The grant or denial of leave to amend is committed to the sound discretion of the district court. Anderson v. USAA Cas. Ins. Co., 218 F.R.D. 307, 310 (D.D.C. 2003). 3

F. Defendants could not demonstrate bad faith or dilatory motive on Plaintiffs' part. To the contrary, Plaintiffs seek to amend their claims to more thoroughly frame the relevant constitutional issues before this Court.

G. Moreover, Plaintiffs have requested one previous amendments to the pleadings.

H. Therefore, there is no basis to conclude that Plaintiffs have repeatedly failed to cure deficiencies by previous amendments. Case 1:13-cv-00037-KBJ Document 23 Filed 07/30/13 Page 2 of 6 3 I. Plaintiffs are entitled to amend their complaint because there has not been undue delay Plaintiffs have not unduly delayed in bringing this motion to amend.

I. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999); see also Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); Estate of Gaither v. District of Columbia, 272 F.R.D. 248, 252 (D.D.C. 2011) ("[T]he mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party.").

J. Plaintiffs' proposed amendment would merely clarify the constitutional claims upon which they rely without significantly expanding or altering the

scope of this action. Even should defendants claim that there was undue delay in plaintiffs' attempt to amend their complaint, any alleged delay has been slight, particularly since this case is still at an early stage in litigation. Thus, there is no risk or unduly increasing discovery or delaying trial. N. Am. Catholic Educ. Programming Found., Inc v. Womble, Carlyle, Sandridge & Rice, PLLC, 887 F. Supp. 2d 78, 83 (D.D.C. 2012); Heller v. District of Columbia, No. 08-1289, 2013 U.S. Dist. LEXIS 38833, at *8 (D.D.C. Mar. 20, 2013) ("A case's position along the litigation path proves particularly important in that [hardship] inquiry: the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings."); Harrison, 174 F.3d at 253.

K. In fact, courts have granted leave to amend even after plaintiffs had "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" Driscoll v. George Washington Case 1:13-cv-00037-KBJ Document 23 Filed 07/30/13 Page 3 of 6 4 Univ., No. 12-0690, 2012 U.S. Dist. LEXIS 127870, at *7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)).

L. There is thus no undue delay, and plaintiffs should be allowed to file their amended complaint.

M. Plaintiffs are entitled to amend their complaint because defendants will not be prejudiced Defendants will not be prejudiced by Plaintiffs' amended complaint. The "'liberal concepts of notice pleading" is to make the defendant aware of the facts." Harrison, 174 F.3d at 253 (emphasis added) (quoting Hanson v. Hoffman, 628 F.2d 42, 53 (D.C. Cir. 1980)).

N. Accordingly, a plaintiff is not bound by the legal theories originally alleged unless a defendant is prejudiced on the merits. Id. See Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006) ("Where 'the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation the court may deem it prejudicial.'") (Quoting Zenit Radio Corp v. Hazeltine Research Inc., 401 U.S. 321 (1971)); Heller, 2013 U.S. Dist. LEXIS 38833, at *8.

O. Therefore, Defendants will not be "required to engage in significant new preparation" in responding to Plaintiffs' new claims.

P. Similarly, Plaintiff in this case seeks to refine their claims of the constitutional harms they suffered from defendants' behavior described in the complaint.

Q. Plaintiffs are entitled to amend their complaint because their amendments would not be futile Plaintiffs' proposed amendments are not futile. "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing James Madison Ltd by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

R. In order to survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). The Fifth Amendment's Equal Protection Clause directs that all persons similarly situated should be treated alike. United States Dep't of Agriculture v. Murry, 413 U.S. 508, 517 (1973) (Marshall, J., concurring). The D.C. Circuit has stated that "[a] central purpose of the equal protection guarantee is to shield the politically impotent from capricious action by the majority." Cmty-Serv. Broad. Of Mid-America, Inc. v. FCC, 593 F.2d 1102, 1125 n.4 (D.C. Cir. 1978).

S. Thus, applicants with political capital should not receive an advantage relative to similarly situated and equally eligible applicants that lack such political connections. See Cutts v. Fowler, (D.C. Cir. 1982) (explaining that "[a]nti-nepotism rules play a legitimate and laudatory role in preventing conflicts of interest and favoritism")

Respectfully submitted,

Dated this ___9th___ Day of the ___11th___ Month, in the year 2016.

Signed and witnessed by my hand and seal:

*David-J. Riddell*

David-J.: of the family Riddell in Propria Persona

All Rights Reserved UCC1-308

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Florida that, on the date stated below, I did the following: On the ___7th___ day of ___November___, 2016, I mailed by certified mail, return receipt U.S. Mail, postage prepaid, one true copy each of the motion to amend complaint in the above-entitled matter to:

Dan Mosley
215 E. McCollum Ave
Bushnell FL 33513

Lisa Herndon,
110 N.W First AVE
Ocala FL 34475

Angelina Rodeo
215 E. McCollum Ave
Bushnell FL 33513

USDC
MIDDLE DISTRCIT OF FLORIDA
OCALA DIVISION
Attn: Clerk
207 N.W. Second St.
Ocala FL 34475

Dated this ___7th___ Day of the ___11th___ Month, in the year 2016.

Signed and witnessed by my hand and seal:

*David-J.: Riddell*

David-J.: of the family Riddell in Propria Persona

All Rights Reserved UCC1-308

Secured Party/Creditor
David-T:Riddell©
c/o P.O. Box 1136
Lake Panasoffkee, Florida
[near 33538]
Non-Domestic/Non-Assumpsit

RETURN RECEIPT REQUESTED


1000

U.S.D.C.
Middle District of Florid
Ocala Division
ATTN: Clerk
207 N.W. Second St.,
Ocala, FL 34475

CERTIFIED MAIL

7015 1730 0000 3028 8906



1000    34475

U.S. POSTAGE
PAID
LAKE PANASOFFKEE, FL
33538
NOV 07, 16
AMOUNT
**$7.36**
R2305K131955-05

RETURN RECEIPT REQUESTED

U.S.D.C.
Middle District of Florida
Ocala Division
ATTN: Clerk
207 N.W. Second St.
Ocala, FL 34475